**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina Jungblut, | No. CV-19-05837-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Salt River Project Agricultural Improvement and Power District, | |
| Defendant. | |

Before the Court is Plaintiff's motion for extension of time to file a notice of appeal (Doc. 34) and motion for reconsideration (Doc. 37), and the subsequent correction to that motion for reconsideration (Doc. 38). The court also notes that Defendant responded to the motion for extension of time and asked the Court to strike exhibits attached to that motion. (Doc. 36.) The Court grants Plaintiff's motion for extension of time but denies Plaintiff's motion for reconsideration and Defendant's request to strike.

First, the motion for extension of time to file a notice of appeal. In civil cases, the notice of appeal "must be filed with the district clerk within 30 days after the entry of the judgment or the order appealed from," except in specific circumstances not applicable here. Fed. R. App. P. 4(a)(1)(A). "The district court may extend the time to file a notice of appeal if: (1) the party seeking the extension files his motion for an extension of time no later than 30 days after the expiration of the original appeal period, and (2) the moving party shows 'excusable neglect or good cause' for not filing a notice of appeal within the

original appeal period." *Walls v. Indus. Comm'n of Arizona*, 12 F.3d 1111 (9th Cir. 1993) (quoting Fed. R. App. P. 4(a)(5)).

Here, Plaintiff filed the motion for extension of time on February 10, 2022, less than 30 days after final judgment was entered. Plaintiff seeks an extension because one of her family members was diagnosed with a painful terminal illness and she must provide daily care. (Doc. 34.) This is good cause and justifies an extension of the deadline to file a notice of appeal to April 20, 2022.

Second, Defendant asks the Court to strike exhibits attached to the motion for extension of time. Motions to strike are disfavored and are generally not granted unless the moving party can show prejudice. *Mag Instrument, Inc. v. JS Prod., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008); *see also* 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 n.34 (3d ed. 2019) (collecting cases). Defendant makes no showing of prejudice.

Lastly, Plaintiff's motion for reconsideration of the Court's January 20, 2022 order. Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.* Finally, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.* The court may deny a motion for reconsideration if it fails to comply with these rules. *Id.*

Here, Plaintiff has neither made a showing of manifest error nor presented the Court with new facts or legal authority that could not have been brought to its attention earlier

with reasonable diligence.  Rather, Plaintiff rehashes arguments that the Court previously considered and rejected.  (Doc. 37.)  Plaintiff's mere disagreement with the Court's prior order is an insufficient basis for reconsideration.  *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).  Accordingly,

**IT IS ORDERED** that Plaintiff's motion for extension of time to file a notice of appeal (Doc. 34) is **GRANTED**.  The deadline to file a notice of appeal is extended to **April 20, 2022**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration (Doc. 37)  and Defendant's request to strike (Doc. 36) are **DENIED**.

Dated this 13th day of March, 2022.

Douglas L. Rayes
United States District Judge